JAMES CAFFERY, PLAINTIFF IN ERROR, v. V. J. HEDDEN & SONS, DEFENDANT IN ERROR.

Argued March 2, 1910—Decided June 20, 1910.

Where the risk is one ordinarily attending the service or where the risk is known, or by the reasonable exercise of ordinary observation and care would have been known and appreciated, the legal presumption is that the workman undertakes the employment on the terms of encountering the danger, though he may have no actual knowledge of it.

On error to the Supreme Court.

For the plaintiff in error, *Harry V. Osborne.*

For the defendant in error, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

VOORHEES, J. This writ of error reviews a judgment of nonsuit. The action was brought against a master by his servant, fifty-three years old, who had been a hod-carrier for twenty-two years. He was employed to go to work at the noon hour of the day of the accident, and together with Sarsfield, a co-laborer, commenced his labors in the cellar of a building then in course of construction. They were called to go to the third floor, and went by means of ladders temporarily placed in the well hole designed for an elevator shaft, for the use of the men.

These ladders reached from floor to floor and rested against a concrete beam on each landing, the top of the second ladder extending four or five feet above the level of the third floor. It was fastened to a plank, lying on the concrete flooring of the third story, with one of its rungs about two inches below the level of the third floor, and in close proximity to the concrete floor beam.

Just before the plaintiff reached the third floor, he called to Sarsfield, "Wait for me, it is dark. I can't see," and continuing in his own words, "With that I tried to attempt to land and my foot went right from under me that was on the rung. I had no foot-hold and I went down," resulting in the injuries forming the subject of this suit.

His explanation of the cause of the accident is that the rung was placed too close to the landing and there being no lights, he did not discover this condition until he fell.

Plaintiff further testified: "Well, I discovered that when I fell, that had there been a foot-hold or a plank behind that ladder to shove it out from the beam, and the ladder blocked up at the bottom to bring the rung in line with the plank, I never would have fell."

Another witness said: "You could get only about half an inch or three-quarters of an inch of your toe on it" (the rung). "It was right up against the concrete and iron beam."

In this case not only does the implied representation of the plaintiff that he assumes and understands the ordinary risks of the service by his acceptance of the employment, control his relation to the master on that subject, but the plaintiff's age and long experience in the very capacity in which he was here acting make it clear that he, in fact, knew of the incidental dangers attendant upon the use of ladders temporarily placed for service during the process of construction of buildings.

One of the incidental dangers is the uncertainty where the rung of a ladder may happen to come with reference to the level of a floor or platform, or with reference to the horizontal distance between the ladder and the sides of the opening against which it may be placed, dependent upon the chance of greater or less slant. These varying conditions are constantly inhering in work of this kind, and are to be expected as incident thereto, with all their natural accompanying results.

Poor light, too, is to be expected in partially completed buildings in many places, and that circumstance was within the experience of the plaintiff.

That being so, these risks were therefore impliedly assumed by the servant. A knowledge by the servant that a dangerous condition by reason of location of the rung might exist, was present in his mind, whether the place was light or dark. Here, however, he had an appreciation of the effect of the darkness upon the situation before he attempted to step from the ladder, for in his own words, he spoke of it to his fellow-workman. He also knew that he was approaching the landing, for he deposited thereon, as the upper part of his body passed above the level of the third floor, a shovel which he had carried up the ladder. So that not only was this danger naturally attendant upon the service, but it was an obvious one, that is, it was apparent in the exercise of ordinary observation. He had heard, according to his own testimony, that complaints had been made about the ladder, and he also knew that these ladders were generally placed upright without much of a slant, and he knew that some hod-

carriers liked a slanting ladder, while others could carry on a ladder that is almost perpendicular, and that the latter makes a bad landing at the top. The slant of this ladder was perfectly obvious to him and its effect on the top landing was appreciated by him. A defective erection of the ladder is what is complained of, not the erection of a defective or dangerous ladder.

Where the risk is one ordinarily attending the service or where the risk is known or by the reasonable exercise of ordinary observation and care would have been known and appreciated, the legal presumption is that the workman undertakes the employment on the terms of encountering the danger, though he may have no actual knowledge of it.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—None.